## APPEAL OF AGENZIA FUGAZI.

Docket No. 3749.    Submitted October 19, 1925.    Decided November 12, 1925.

The principal stockholder of a corporation who receives no salary from it but is of assistance to it through social activities is not regularly engaged in the active conduct of the affairs of the corporation, within the meaning of the definition of a " personal service corporation " contained in section 200 of the Revenue Act of 1918.

*K. N. Parkinson, Esq.*, for the taxpayer.
*J. A. Adams, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

The taxpayer appeals from the determination of a deficiency in income and profits tax for 1919 in the amount of $1,821.26. The

sole question in issue is whether the taxpayer is a personal service corporation for the calendar year 1919.

## FINDINGS OF FACT.

The taxpayer is a California corporation with its office in San Francisco. Its business is the securing of passengers for steamship companies. It represents several steamship companies operating trans-Atlantic steamships. It sells tickets for these on an established commission basis. From January 1 to some date in March, 1919, its 5,000 shares, $1 par value, were held as follows:

| | |
|---|---:|
| Sam B. Fugazi | 2,499 |
| James Fugazi | 2,500 |
| F. A. Griffin (Attorney) | 1 |
| Total | 5,000 |

Some time in March, 1919, Sam B. Fugazi purchased the 2,500 shares of stock owned by his brother, James Fugazi, and gave the same to his wife, Katherine Fugazi. This was the only change in stock ownership during the year.

Sam B. Fugazi and his brother were both well acquainted with the Italian element in San Francisco, and also were well known among the Irish element, the Swiss element, and the French element. Sam B. Fugazi was, during 1919, a member of approximately 22 fraternal organizations and social clubs. He made it a point of joining such organizations and clubs for the purpose of enlarging his acquaintance among the people who were natives of Europe and who would be likely to return to Europe either for a visit or permanently. Much of the business of his agency is attributable to his social activities. Katherine Fugazi also made a point of circulating among Italians socially. She was a member of six or seven clubs and societies. She would go to the social functions of these societies and when she would hear some one speak of going to Europe she would endeavor to get them to purchase tickets through her husband's ticket agency. She would cultivate their acquaintance and good will and often call on them or ring them up on the telephone in order to get them to make inquiries at her husband's ticket agency. She performed these same services from 1917 forward. She was no more active in the business of the agency after March, 1919, than she was before. She never received any salary for this work. Her only income from Agenzia Fugazi was the dividends which she received upon her 50 per cent ownership of the stock.

From March to December 31, 1919, Sam B. Fugazi was president of the taxpayer corporation and Katherine Fugazi was secretary. Her duties as secretary were only nominal.

During the year 1919 the taxpayer corporation employed five persons besides Sam B. Fugazi. The last named received a salary of $2,700 per year. The corporation paid the same amount of salary to two of its employees. The three other employees received a smaller salary.

Capital was not an income-producing factor in the taxpayer's business. All tickets were sold for cash and the taxpayer was not required to account to the steamship companies for any tickets which were not sold. The only tangible assets of the taxpayer, in addition to cash, were office furniture and fixtures.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: The taxpayer is a ticket agency. During the year 1919 capital was not a material income-producing factor. The principal stockholders of the taxpayer from March to December 31, 1919, were Sam B. Fugazi and Katherine Fugazi, his wife. These two owned all of the stock outstanding, with the exception of one share held by the attorney for the taxpayer to comply with the statutes of California, which require three stockholders. Katherine Fugazi owned 50 per cent of the stock of the corporation. She received no salary from the corporation during the year 1919, but was of assistance to it in social activities. The only material question presented by this appeal is whether a principal stockholder who engages only in social activities for the benefit of a corporation is "regularly engaged in the active conduct of the affairs of the corporation," within the meaning of the definition of a "personal service corporation" contained in section 200 of the Revenue Act of 1918.

The evidence is to the effect that Katherine Fugazi only occasionally visited the ticket office of the taxpayer corporation. She appears, however, to have been of assistance to the corporation through her connections with church and various societies, wherein she met and became acquainted with people of southern Europe or their descendants, from whom the major part of the business is derived. She could not state definitely what proportion of the business coming to her husband's agency was attributable to her social activities. She thought, however, that some of it was.

We do not think that the principal stockholder of a corporation who simply engages in social activities for the benefit of the corporation is " regularly engaged in the active conduct of the affairs of the corporation," within the meaning of the definition of a " personal service corporation " as contained in the Revenue Act of 1918. In our opinion this language implies the actual performance of definite services and not merely the cultivation of acquaintances for the purpose of inducing them to have business transactions with the corporation. We have so held in the *Appeal of Joseph Emsheimer Insurance Agency*, 1 B. T. A. 649. Cf. *Appeal of the Boyd Tax Service Corporation*, 1 B. T. A. 346.